

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

Gerald C. Mann
~~WILLIAMSON~~ON
ATTORNEY GENERAL

Honorable A. M. Harrison
County Attorney
Lamar County
Paris, Texas

Dear Sir:

Opinion No. O-4665
Re: Is the American Legion Recrea-
tion Club of Paris, Texas,
maintaining and operating a
pool hall as that term is de-
fined in Article 4668, Revised
Civil Statutes 1925?

    This department is in receipt of your letter of June 11,
1942, requesting our opinion on the above stated question. We quote
from your letter as follows:

    "The County Attorney's office of Lamar County
has been instructed by the Grand Jury of this County
to obtain an opinion from you in regard to the legality
of the operations of the American Legion Recreation
Club of Paris, Texas.

    "This club was organized by the local American
Legion Post, and has a Board of Supervisors composed
of members of the Post. To be a member of the Club
one does not have to be a Legionnaire or ex-service
man - membership is open to the general public with the
restriction that the Board of Supervisors will not
issue membership cards to any person under 21 years
of age or any other person whose habits and conduct
might become prejudical to the best interests of the
Club. The Board of Supervisors claims to pass on the
eligibility of each applicant as to his moral fitness,
etc., before the issuance of a membership card. There
is no charge for the membership card.

    "This Club has a hall wherein several pool tables
are maintained for the use of the members, also cold
drinks, candy and tobacco are sold in the hall. The
club has a deal with the operator of the hall whereby
the operator draws a salary of $150.00 per month

and, after deducting this salary and other necessary operating expenses, he and the club divide the net profit equally between them. The Club is maintaned outside of the sale of the drinks, candies and tobacco, by donations received from members using the pool tables and playing games of pool. Each player is handed a card with numbers on it and the legend thereon, in substance is as follows: 'This club is maintaned by your donations', and after each game of pool the operator of the club punches a number on the card held by the player and before the player leaves the hall he turns in his card, with the number of games of pool he has played punched thereon, to the Club's operator, together with his voluntary donation, if any, which usually amounts to 5¢ per person per game. The operator and the Board of Supervisors claim that if a member failed and refused to donate they would not revoke his membership for that reason. The Recreation Club also claims to be a non-profit organization, operating solely to give the public, who may become members, recreation and that it is buying war bonds with some of the profits and aiding local charities, and saving the balance to build a home for the local American Legion Post, and for the purpose of raising a fund to assist and aid the Veterans of the present war and the dependents of those who fail to return.

"Article 4668, Civil Statutes of Texas, 1925, entitled 'Pool Halls', provides in part as follows:

" 'No person acting for himself or other shall maintain or operate a pool hall within this State. The term "pool hall", as used herein, includes any room, hall, building or part thereof, tent or enclosure of any kind similar to those named, or any inclosed open space, in which are exhibited for hire, revenue, fees or gain of any kind, or for advertising purposes of any kind, any pool or billiard table or stand or structure of any kind or character on which may be played pool or billiards or any game similiar to pool or billiards played with balls, cues or pins or any similar device. Any such table, stand or structure of any kind used or exhibited in connection with any place where goods, wares or merchandise or other things of value are sold or given away or where or upon which any money or thing of value is paid or exchanged shall be regarded as a place where is exhibited the same for hire, revenue or gain.'

"The rest of this act not quoted herein merely provides the methods of abating a violation of the above article.

"Article 653, Penal Code of Texas, 1925, entitled, 'Operating Pool Hall', provides as follows:

" 'Whoever shall operate or maintain a pool hall, as that term is defined by the laws of this State, shall be fined not less than twenty-five nor more than one hundred dollars or be confined to jail not less than one month nor more than one year. Each day of such violation shall be a separate offense.'

"In view of the above stated facts and the two Articles quoted, this office desires your opinion on the following questions:

"1. Is the American Legion Recreation Club of Paris, Texas maintaining and operating a 'pool hall' as that term is defined in Article 4668, R. C. S of Texas, 1925?

"2. If you answer question No. 1 in the affirmative, then, is it solely the selling of the cold drinks, candy and tobacco in connection with the operation of the pool tables that brings such club under the terms of said Article of the Statute?

"3. If you answer question No. 2 in the negative, then, does the accepting of donations, as outlined above, in connection with the operation of the pool tables bring same within the meaning of the term 'exhibited for hire, revenue, fees or gain of any kind', as used in said Article of the Statute?

"4. If you answer question No. 3 in the affirmative, then would it make any difference in your answer to such question No. 3 if all solicitation of donations, by way of punching of cards, written reminders, and otherwise, were stopped, although voluntary donations were received by the Club from the players?

"5. If you answer question No. 1 in the negative, then would a private individual, operating solely for personal profit but with the same set up in regard to Club organization, mode of operation, purposes and

aims as far as possible, be operating a 'pool hall' as
that term is defined in said Article?"

You are respectfully advised that our opinion with reference
to your questions as herein submitted is as follows:

That Question No. 1 is answered in the affirmative.

That Question No. 2 is answered in the negative.

That Question No. 3 is answered in the affirmative.

That Question No. 4 is answered as follows:

We think it would make no difference in our answer to Question
No. 3 if all solicitation of donations, by way of punching cards,
written reminders, and otherwise were stopped, although voluntary donations
were received by the club from the players.

As we do not answer Question No. 1 in the negative, there is
no occasion to answer Question No. 5.

We do not want to be understood as undertaking to give instruc-
tions as to how a club or an individual, or a group of individuals,
may legally maintain tables used in playing pool without violating the
law.

The answers to all your questions are supported by opinion No.
O-792 of this department, together with the authorities cited and quoted
therein, a copy of which is attached hereto.

Trusting that your inquiry is answered herein, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Fred C. Chandler
Assistant

FCC:GO

ENCLOSURE